[Crim. No. 1228. Second Appellate District, Division One.—November 18, 1925.]

THE PEOPLE, Respondent, v. JOSEPH RIVERA et al., Appellants.

[1] CRIMINAL LAW — MANSLAUGHTER — EVIDENCE — VERDICT.—In this prosecution for the murder of one of the owners of a restaurant, who was shot by one of the defendants after the latter had been forcibly ejected from said restaurant, the jury was entitled to discriminate as to the testimony given by the several

1. See 8 Cal. Jur. 281.

witnesses in the case and was warranted in finding the defendants guilty of manslaughter.

[2] ID. — SELF-DEFENSE — EVIDENCE — ISSUES — INSTRUCTIONS.—In such prosecution, conceding that the trial court's instructions to the effect that one may not assume any false position toward another or deliberately pick a quarrel with him for the purpose of causing him to do something which under ordinary circumstances might furnish a legal excuse for killing him, and by so doing, after killing the person thus incited, to have available the plea of self-defense, were not pertinent to the issues, such instructions were not prejudicial to the substantial rights of the defendants, where the latter were afforded a full and fair opportunity to make their defense, and the jury was properly instructed on all phases of the law applicable thereto, which was not in any way invaded or infringed upon by the former instructions, and the jury was instructed that "If any instruction is applicable only if a particular situation or state of facts exists, and if you find that no such situation or state of facts exists, then you should not take such instructions into consideration in your deliberations."

---

(1) 16 C. J., p. 930, n. 93; 17 C. J., p. 255, n. 53.   (2) 17 C. J., p. 342, n. 94; 30 C. J., p. 591, n. 338.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edwin F. Hahn, Judge.   Affirmed.

The facts are stated in the opinon of the court.

Chauncey Gardner for Appellants.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendants were convicted of the crime of manslaughter and they appeal from the judgment as well as from the order denying their motion for a new trial.

The usual conflicts appeared in the evidence; but, relying upon the right of the jury to justly discriminate as to the testimony given by the several witnesses in the case, the jury was warranted in basing its verdict upon the following facts:

Ralph Carnevale and his brother Carlo Carnevale were the owners of a certain restaurant.   The defendants, one of whom being a police officer and the other a deputy sheriff, in company with two other men, one of whom also being a police officer, at about the hour of 12 o'clock at night went

to the restaurant belonging to the Carnevale brothers for the purpose of obtaining some refreshments. Neither of the defendants, nor either of their companions, was in uniform. On arriving at the restaurant it was found to be closed to the public for further business on that night, although some of the patrons thereof were still being served. After some delay the party was admitted into the restaurant; whereupon, according to the testimony of some of the witnesses, two of the members of the party proceeded to look into each of the several booths located in the rear of the restaurant, and to smile at some of the ladies who were seated therein. One of the members of the party demanded that he be served with a "trago," which is interpreted to mean a drink of intoxicating liquor, and on being told that nothing of that sort was dispensed in the restaurant, remarked that he wanted it by "force." No violence nor threat of any sort, however, other than the implied threat contained in the statement made by one of the defendants that if necessary he would use violence to obtain that which he sought, was offered by any member of the party toward either of the proprietors of the restaurant, or to any person therein. Cigarets were purchased by and a cup of coffee ordered for each member of the party, which was served to them by Ralph Carnevale, one of the proprietors of the restaurant. He, however, was apparently suspicious of the good intentions of the defendants and their party, and on three separate occasions directed one of his employees to telephone to the police station for the "flying squadron." The employee having failed to carry out such direction of his employer, Ralph Carnevale sprang over the counter which separated him from his unwelcome guests, and, flourishing a revolver, ordered them to throw up their hands and to vacate the premises. Defendant Adolph Rivera and his brother police officer did as they were thus ordered. The defendant Joseph Rivera, however, refused to comply with the order made upon him to throw up his hands or to leave the restaurant, although Ralph Carnevale was very close to him and toward the close of the incident had the muzzle of his pistol pressed against Joe Rivera's body. While the two men were thus engaged, Carlo Carnevale came forward in the restaurant and, seizing the defendant Joseph Rivera by the coat collar, shoved him out of the door of the restaurant on to the sidewalk and immediately closed the

door.  The two Carnevale brothers then faced about and
started to walk toward the rear of the restaurant; where-
upon the two defendants began shooting at the two Carne-
vale brothers, which fire was by them returned.  The result
of the episode was that Carlo Carnevale was killed.

[1]  Appellants contend that the evidence was insufficient
to justify the verdict.  Considering as true only the evi-
dence favorable to the theory of self-defense which was ad-
vanced by the defendants, it is possible that appellants'
contention might be sustained.  But, as heretofore stated,
there was much evidence contrary to such defense.  Follow-
ing the rules of law applicable to the credit to be attached
to the testimony given by the several witnesses, the jury had
the right either to believe or to disbelieve the whole or any
part of the testimony given in behalf of the defendants.
Judging from the verdict, it is apparent that the jury con-
sidered as proven beyond a reasonable doubt a state of facts
in accordance with those heretofore set forth, in which event
the verdict was supported by the law and the evidence.  De-
fendants' contention as to the insufficiency of the evidence,
therefore, cannot be sustained.

[2]  It is urged by the appellants that the trial court
committed prejudicial error in giving to the jury each of two
certain instructions as follows:

''Whenever an assault is brought upon a person by his
own procurement, or under an appearance of hostility which
he himself creates, with a view of having his adversary
act upon it, and he so acts and is killed, the plea of self-
defense under such circumstances is unavailing.''

''The court instructs the jury that the acts which a de-
fendant may do and justify under a plea of self-defense de-
pend primarily upon his own conduct, and secondarily upon
the conduct of the deceased.  There is no fixed rule applicable
to every case, though certain general principles, well estab-
lished, stand forth as guides for the action of men and
measures for the jury's determination of their deportment.
You are instructed that self-defense is not available as a
plea to a defendant who has sought a quarrel with the design
to force a deadly issue and thus, through his fraud, con-
trivance or fault, to create a real or apparent necessity for
killing.''

75 Cal. App.—**15**

Appellants concede that each of such instructions states well-recognized principles of law; but it is contended that there was no evidence upon which either of said instructions could be based and as a consequence that the giving thereof could but have had the effect of confusing and misleading the jury to the great prejudice of the substantial rights of the defendants.

The only evidence to which attention has been directed which would indicate that the claimed assault made by the proprietors of the restaurant upon the defendants was brought about intentionally and through the procurement of the defendants is that two of the members of the defendants' party went through the restaurant, looked into each of the booths thereof, smiled at some of the lady patrons seated therein; and that upon being refused a drink of intoxicating liquor one of the defendants stated that he wanted it by "force." Some other evidence was received regarding the boisterous conduct of the defendants and some of the members of their party. All those things, however, occurred before the members of the party had become seated in the front part of the restaurant and where they were apparently engaged in smoking cigarets and drinking coffee. Assuming, however, that no sufficient evidence existed upon which to predicate either of the criticised instructions and consequently that the giving of them was unnecessary and improper, the question of their harmful effect upon the rights of the defendants remains to be considered.

Many authorities are cited by appellants to the effect that the giving of instructions upon matters not pertinent to the issues constitutes error, even though such instructions contain correct statements of the law; but the point to be determined is whether such instructions were really prejudicial to the substantial rights of the defendants. If they were not, it naturally follows that a reversal of the judgment should not be had. The general effect of the two instructions of which complaint is made is that one may not assume any false position toward another or deliberately pick a quarrel with him for the purpose of causing him to do something which under ordinary circumstances might furnish a legal excuse for killing him, and by so doing, after killing the person thus incited, to have available the plea of self-defense. The defendants were charged with the commission

of the crime of murder. They admitted that the killing was done by them, or by one of them, but claimed that it was done in self-defense. No complaint is made that the defendants were not afforded a full and fair opportunity to make their defense; nor that upon the defense as presented, the jury was not properly instructed on all phases of the law applicable thereto. In such circumstances, it was for the jury to determine under the law as given to it by the court whether, the facts considered, the defendants were justified in taking the life of the person who was killed. The defense did not at all depend upon whether the defendants had deliberately started the quarrel with the design of forcing a deadly issue. Practically the entire case of the defendants was based upon what physical position was occupied by the defendants, and especially by the one who was the last to be ejected from the restaurant, with relation to the situation of the two restaurant-keepers at the time the shooting took place. Manifestly, if both the defendants were outside the building, the door of the restaurant being closed, and the two restaurant-keepers were walking away from and with their backs toward the door of the restaurant, no legal excuse was presented for offering them violence of any sort. On the other hand, if, at the time the shooting took place, one of the defendants was being menaced by a revolver in the hands of one of the restaurant-keepers, while at the same time his brother was actually assaulting such defendant, it is possible that (additional circumstances being also present) the other defendant would have been justified in offering the resistance which the evidence shows was done.

The defense which was urged by the defendants depended for its success upon proof of such circumstances as would justify a reasonable man in the belief that his life was in danger or that great bodily injury would result from the encounter. No part of such defense, either in the facts upon which it rested or in the law applicable thereto, was in any wise invaded or infringed upon by either of the instructions which it may be assumed touched upon facts not shown by the evidence and the declared law based upon such assumption. While the literal effect of the two instructions under consideration is that if certain designated facts appear in the evidence, under such circumstances the plea of self-de-

fense is unavailing, there is no intimation that such a plea is denied as to other situations shown by the evidence, or especially as to the facts claimed to exist by the defendants at the time the shooting occurred. To the contrary, the language of the two instructions, while not expressly so declaring, would certainly indicate that the limitation was intended to apply solely to a possible situation as therein suggested. In addition thereto, one of the general instructions given to the jury expressly announces that ''If any instruction is applicable only if a particular situation or state of facts exists, and if you find that no such situation or state of facts exists, then you should not take such instructions into consideration in your deliberations.''

Perhaps the facts, under the circumstances shown to exist immediately preceding the action on the part of Ralph Carnevale in ordering the defendants from his place of business, were not such as reasonably would have created the suspicion that the defendants were intent upon committing the crime of robbery; but if robbery had been the motive of the defendants and their companions in entering the restaurant, it is clear that a plea of self-defense would not have been available to the defendants. Had the court seen fit to so instruct the jury, such an instruction would not have prejudiced the rights of the defendants as to the facts which in fact they attempted to prove in their defense and which, had they been proven to the satisfaction of the jury, would have constituted a complete defense to the charge. And so it is with reference to the assumed exigency attempted to be set forth in either of the two instructions under consideration. Admitted that no facts were before the court upon which either of them could rest, the effect of either or their combined effect was but to attract the attention of the jury to a condition which had no existence and to state an abstract principle of law as deducible therefrom. The criticised instructions are just so much surplusage in the case. They are of no more consequence than had they been directed to any defense other than that of self-defense, or if they were entirely irrelevant to any issue in the case. Their effect did not detract from the force of either the facts or the law relied upon by the defendants in presenting their defense. The case of *People* v. *Glover,* 141 Cal. 233 [74 Pac. 745], is illustrative of the point, and it is there ruled (sylla-

bus) that "an instruction that the plea of self-defense is not available where a person seeks a quarrel with the design of creating a real or apparent necessity for killing, correctly states the law, and is not erroneous, whether it is applicable or inapplicable to the evidence.''

No prejudicial error appearing, it is ordered that the judgment and the order denying the motion for new trial be and they are affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 14, 1926.